S. LANE TUCKER
United States Attorney

JENNIFER IVERS
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: jennifer.ivers@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | No. 3:23-cr-00017-SLG-KFR |
|---|---|
| Plaintiff, | COUNT 1:<br>ENGAGING IN THE BUSINESS OF DEALING FIREARMS WITHOUT A LICENSE<br>  Vio. of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D) |
| v. | |
| CORNELIUS LEON WILLIAM SMITH, | |
| Defendant. | COUNT 2:<br>TRANSFERRING A FIREARM TO AN OUT-OF-STATE RESIDENT<br>  Vio. of 18 U.S.C. §§ 922(a)(5), 924(a)(1)(D) |
| | COUNTS 3-11:<br>FALSE STATEMENT DURING PURCHASE OF FIREARM<br>  Vio. of 18 U.S.C. §§ 922(a)(6), 924(a)(2) |

//

I N D I C T M E N T

The Grand Jury charges that:

## COUNT 1

Beginning no later than on or about February 18, 2021, the precise date being unknown to the Grand Jury, and continuing until on or about April 26, 2022, within the District of Alaska and elsewhere, the defendant, CORNELIUS LEON WILLIAM SMITH, not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

All of which is in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D).

## COUNT 2

Between on or about March 26, 2021, and on or about April 11, 2021, within the District of Alaska and elsewhere, the defendant, CORNELIUS LEON WILLIAM SMITH, not being a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, did willfully transfer, sell, trade, give, transport, and deliver a firearm, that is, a Springfield Armory model XD40 .40-caliber pistol, to Andrew Williams, said person not being a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, and knowing and with reasonable cause to believe that said person was not then residing in the State of Alaska, the State in which the defendant was

residing at the time of the aforesaid transfer, sale, trade, giving, transportation, or delivery of the firearm.

All of which is in violation of 18 U.S.C. §§ 922(a)(5) and 924(a)(1)(D).

## COUNT 3

On or about May 1, 2021, within the District of Alaska, the defendant, CORNELIUS LEON WILLIAM SMITH, in connection with the acquisition of a firearm, a Glock model 23 .40-caliber pistol, from Granny's Guns, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious statement to Granny's Guns, which statement was intended to and likely to deceive Granny's Guns, as to a fact material to the lawfulness of such sale of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant did execute Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, to the effect that he was the "actual transferee/buyer" of the firearms indicated on the Form 4473, when in fact as the defendant then knew, he was not the "actual transferee/buyer" of the firearm.

All of which is in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

## COUNT 4

On or about May 1, 2021, within the District of Alaska, the defendant, CORNELIUS LEON WILLIAM SMITH, in connection with the acquisition of a firearm, a Glock GMBH model 21 .45-caliber pistol, from Boondocks, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly

made a false and fictitious statement to Boondocks, which statement was intended to and likely to deceive Boondocks, as to a fact material to the lawfulness of such sale of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant did execute Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, to the effect that he was the "actual transferee/buyer" of the firearms indicated on the Form 4473, when in fact as the defendant then knew, he was not the "actual transferee/buyer" of the firearm.

All of which is in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

## COUNT 5

On or about June 17, 2021, within the District of Alaska, the defendant, CORNELIUS LEON WILLIAM SMITH, in connection with the acquisition of a firearm, a Glock model 21 Gen4 .45-caliber pistol, from Sportsman's Warehouse, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious statement to Sportsman's Warehouse, which statement was intended to and likely to deceive Sportsman's Warehouse, as to a fact material to the lawfulness of such sale of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant did execute Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, to the effect that he was the "actual transferee/buyer" of the firearms indicated on the Form 4473, when in fact as the defendant then knew, he was not the "actual transferee/buyer" of the firearm.

All of which is in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

## COUNT 6

On or about June 19, 2021, within the District of Alaska, the defendant, CORNELIUS LEON WILLIAM SMITH, in connection with the acquisition of a firearm, a Glock GMBH model 31 .357-caliber pistol, from Polar Armory, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious statement to Polar Armory, which statement was intended to and likely to deceive Polar Armory, as to a fact material to the lawfulness of such sale of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant did execute Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, to the effect that he was the "actual transferee/buyer" of the firearms indicated on the Form 4473, when in fact as the defendant then knew, he was not the "actual transferee/buyer" of the firearm.

All of which is in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

## COUNT 7

On or about June 21, 2021, within the District of Alaska, the defendant, CORNELIUS LEON WILLIAM SMITH, in connection with the acquisition of a firearm, a Smith & Wesson model SD40VE .40-caliber pistol, from Cash America, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious statement to Cash America, which statement was intended to and likely to deceive Cash America, as to a fact material to the lawfulness of

such sale of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant did execute Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, to the effect that he was the "actual transferee/buyer" of the firearms indicated on the Form 4473, when in fact as the defendant then knew, he was not the "actual transferee/buyer" of the firearm.

All of which is in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

## COUNT 8

On or about June 21, 2021, within the District of Alaska, the defendant, CORNELIUS LEON WILLIAM SMITH, in connection with the acquisition of a firearm, a Glock GMBH model 34 9mm-caliber pistol, from Cash America, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious statement to Cash America, which statement was intended to and likely to deceive Cash America, as to a fact material to the lawfulness of such sale of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant did execute Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, to the effect that he was the "actual transferee/buyer" of the firearms indicated on the Form 4473, when in fact as the defendant then knew, he was not the "actual transferee/buyer" of the firearm.

All of which is in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

//

//

## COUNT 9

On or about June 22, 2021, within the District of Alaska, the defendant, CORNELIUS LEON WILLIAM SMITH, in connection with the acquisition of a firearm, an Armscor model M191-A1-FS .45-caliber pistol, from Polar Armory, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious statement to Polar Armory, which statement was intended to and likely to deceive Polar Armory, as to a fact material to the lawfulness of such sale of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant did execute Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, to the effect that he was the "actual transferee/buyer" of the firearms indicated on the Form 4473, when in fact as the defendant then knew, he was not the "actual transferee/buyer" of the firearm.

All of which is in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

## COUNT 10

On or about June 22, 2021, within the District of Alaska, the defendant, CORNELIUS LEON WILLIAM SMITH, in connection with the acquisition of a firearm, a Smith & Wesson model SD9VE 9mm-caliber pistol, from Sportsman's Warehouse, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious statement to Sportsman's Warehouse, which statement was intended to and likely to deceive Sportsman's Warehouse, as to a fact material to the lawfulness of such sale of the said firearm to the defendant under Chapter

44 of Title 18, in that the defendant did execute Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, to the effect that he was the "actual transferee/buyer" of the firearms indicated on the Form 4473, when in fact as the defendant then knew, he was not the "actual transferee/buyer" of the firearm.

All of which is in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

## COUNT 11

On or about June 23, 2021, within the District of Alaska, the defendant, CORNELIUS LEON WILLIAM SMITH, in connection with the acquisition of a firearm, a Glock GMBH model 43X 9mm-caliber pistol, from Boondocks, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious statement to Boondocks, which statement was intended to and likely to deceive Boondocks, as to a fact material to the lawfulness of such sale of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant did execute Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, to the effect that he was the "actual transferee/buyer" of the firearms indicated on the Form 4473, when in fact as the defendant then knew, he was not the "actual transferee/buyer" of the firearm.

//

//

//

All of which is in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

A TRUE BILL.

                                              s/ Grand Jury Foreperson
                                              GRAND JURY FOREPERSON

s/ Jennifer Ivers
JENNIFER IVERS
Assistant U.S. Attorney
United States of America

s/ William Taylor for
S. LANE TUCKER
United States Attorney
United States of America

DATE:    February 21, 2023