# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br> v. <br> CORNELIUS SMITH, <br><br> Defendant. | Case No. 3:23-cr-00017-SLG-KFR |

### ORDER RE MOTION IN LIMINE TO ADMIT EVIDENCE RELEVANT TO PROVE "CRIMINAL PURPOSES"

Before the Court at Docket 61 is the Government's Motion in Limine to Admit Evidence Relevant to Prove "Criminal Purposes."[1] Defendant Cornelius Smith responded in opposition to the motion in limine at Docket 76.

Mr. Smith is charged with engaging in the business of importing, manufacturing, or dealing in firearms, in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D) ("Count 1"). Section 921(a)(21)(C) defines a person "engaged in the business" of dealing firearms as one who "devotes time, attention, and labor to dealing in firearms as a regular course of trade or business to predominantly earn a profit through the repetitive purchase and resale of firearms."[2] However, "proof of profit shall not be required as to a person who

---

[1] The Government provided a Notice of Supplemental Authority at Docket 73.

[2] 18 U.S.C. § 921(a)(21)(C).

engages in the regular and repetitive purchase and disposition of firearms for criminal purposes."[3]  The statute does not define "criminal purposes."[4]

Mr. Smith is also charged with one count of transferring a firearm to an out-of-state resident in violation of 18 U.S.C. §§ 922(a)(5) and 924(a)(1)(D), and ten counts of false statements during the purchase of a firearm in violation of 18 U.S.C. §§ 922(a)(5) and 924(a)(2) (collectively, "Counts 2–12").  Counts 2–12 each pertain to specific firearms allegedly purchased and re-sold by Mr. Smith to individuals in California ("the subject firearms").

## DISCUSSION

The Government moves to admit "evidence of the criminal conduct and history of individuals from whom law enforcement seized the [subject] firearms."[5] The Court separately addresses the admissibility of (1) evidence of subsequent criminal conduct involving the subject firearms, and (2) the prior criminal histories of persons from whom the subject firearms were seized.

### I. Subsequent Criminal Conduct Involving the Subject Firearms

The Government seeks to introduce two types of evidence of subsequent criminal conduct involving the subject firearms: (1) testimony from law enforcement officers about criminal conduct that led to the identification and recovery of the

---

[3] 18 U.S.C. §§ 921(a)(22).

[4] *See* 18 U.S.C. § 921.

[5] Docket 61 at 1.

Case No. 3:23-cr-00017-SLG-KFR, *USA v. Smith*
Order re Motion in Limine to Admit Evidence Relevant to Prove "Criminal Purpose"
Page 2 of 10
Case 3:23-cr-00017-SLG-KFR    Document 80    Filed 10/24/24    Page 2 of 10

subject firearms from individuals in California, and (2) criminal convictions resulting from those individuals' possession of the subject firearms.[6]

The Government asserts that "this evidence is admissible because it establishes an essential element of Count 1 . . . namely, that the defendant purchased and sold firearms to further a criminal purpose."[7] In response, Mr. Smith contends that the evidence is not relevant—and is therefore inadmissible—because the government has "not demonstrate[d] that Smith had any knowledge of that [criminal] conduct . . . at any relevant point."[8] Mr. Smith further maintains that, even if the evidence that the Government seeks to admit is relevant, it should nonetheless be excluded pursuant to Federal Rule of Evidence 403.

No binding authority explicitly defines the phrase "for criminal purposes" as used in Section 921(a)(22).[9] However, the Eastern District of Oklahoma recently considered its meaning, against a similar factual backdrop, in *United States v.*

---

[6] *See* Docket 61 at 11–15.

[7] *See* Docket 61 at 1–2. The Government relies on authority interpreting exceptions to Federal Rule of Evidence 404(b)'s prohibitions on certain uses of evidence of "other crimes, wrongs, or acts." *See* Docket 61 at 7 (citing *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012–13). However, because the Government has not indicated its intent to offer the evidence at issue as Rule 404(b) evidence, the Court analyzes the Government's motion under Federal Rules of Evidence 401 and 403. The Court would reach the same result were it also to apply Rule 404(b).

[8] Docket 76 at 2.

[9] The Ninth Circuit's guidance is largely limited to a 1995 memorandum disposition holding that more than "strong suspicions and informed speculations" are required to support a finding of criminal purpose. *See United States v. Hyde*, 85 F.3d 638 (9th Cir. 1996).

Case No. 3:23-cr-00017-SLG-KFR, *USA v. Smith*
Order re Motion in Limine to Admit Evidence Relevant to Prove "Criminal Purpose"
Page 3 of 10
Case 3:23-cr-00017-SLG-KFR     Document 80     Filed 10/24/24     Page 3 of 10

*Givens*.[10]  In *Givens*, as here, the Government sought to introduce evidence of subsequent crimes involving firearms it alleged had been sold by the defendant, though the defendant was not directly involved in those crimes.[11]  In excluding the evidence, the district court found that "the relevant inquiry is not whether a crime was subsequently committed with the firearm, but what knowledge and intention Defendant had at the time of the sale."[12] The Court here agrees.

Evidence of another person's subsequent criminal conduct is relevant to the defendant's criminal purpose when the defendant knew about the person's intent to engage in the illegal conduct.[13]  In this case, subsequent criminal acts by those to whom Mr. Smith sold the subject firearms make it marginally more probable that Mr. Smith knew those acts would occur when Mr. Smith purchased and sold the firearms, and therefore evidence of those acts satisfies the low bar for relevant evidence.[14]  But the evidence that the Government seeks to introduce is not limited

---

[10] Case No. 24-cr-039, 2024 WL 4039579 (E.D. Okla. Sept. 3, 2024).

[11] *Givens*, 2024 WL 4039579, at *1.

[12] *Givens,* 2024 WL 4039579, at *2.

[13] *See Givens*, 2024 WL 4039579 at *2 ("[i]t is not enough to show that a firearm was subsequently used in a crime . . . the Government must prove that Defendant knew at the time he sold the firearms that they were intended for criminal purposes."); *see also United States v. McConnel*, 464 F.3d 1152, 1155 (10th Cir. 2006) (upholding conviction where the purchaser told the defendant that he "wanted to buy some more guns" for fellow gang members "who had 'to take care of a little situation,'" and that he "could not sign papers for gun purchases because he was a convicted felon.").

[14] *See* Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.")

Case No. 3:23-cr-00017-SLG-KFR, *USA v. Smith*
Order re Motion in Limine to Admit Evidence Relevant to Prove "Criminal Purpose"
Page 4 of 10
Case 3:23-cr-00017-SLG-KFR   Document 80   Filed 10/24/24   Page 4 of 10

to crimes by persons with whom Mr. Smith has a direct connection—i.e., the person to whom he sold the firearm.[15] The probative value of the Government's subsequent criminal conduct evidence is limited by the fact that the Government presents no other evidence, whether direct or circumstantial, that Mr. Smith knew about the crimes to be committed when he purchased and sold the subject firearms.[16] Moreover, the government acknowledges that the criminal purpose it seeks to prove at trial is *not* that Mr. Smith sought to further the commission of their future crimes, but "to supply firearms to persons who were not legally allowed to possess those firearms."[17] A person's subsequent criminal act bears little, if any, connection to whether a person was prohibited from possessing firearms before that subsequent crime occurred.

Because the Government's subsequent criminal conduct evidence is, at most, only marginally relevant, the Court finds on the current record that the probative value of most of the Government's subsequent criminal conduct evidence is substantially outweighed by the risk of unfair prejudice and misleading the jury.[18] The law enforcement testimony that the Government seeks to elicit

---

[15] *Compare* Docket 61 at 12–15 (listing the individuals whose criminal conduct records of convictions that the Government seeks to introduce) *with* Docket 61 at 2–5 (describing the factual background, including the individuals' connections to the subject firearms and to Mr. Smith).

[16] *See* Docket 61; *see also United States v. Hernandez*, 859 F.3d 817, 284 (2017) (recognizing that proof of willfulness will often be through circumstantial evidence, but distinguishing between proof of intent to commit the charged crime and proof of intent to commit uncharged crimes).

[17] Docket 61 at 8.

[18] *See* Fed. R. Evid. 403.

Case No. 3:23-cr-00017-SLG-KFR, *USA v. Smith*
Order re Motion in Limine to Admit Evidence Relevant to Prove "Criminal Purpose"
Page 5 of 10
Case 3:23-cr-00017-SLG-KFR    Document 80    Filed 10/24/24    Page 5 of 10

describes "the circumstances leading to the arrest of [individuals in possession of the subject firearms] and recovery [of the subject firearms]."[19] Those circumstances, as described in the Government's motion, include, *inter alia*, arrests for firearms and drug offenses, modifications of the subject firearms into automatic weapons, and multiple instances in which drivers fled from the police.[20] The subsequent convictions are based on, and likely reveal, the same conduct.[21] Much of this evidence of crimes other than those charged, committed by persons other than the Defendant, is likely to "provoke[] an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant *wholly apart from its judgment as to his guilt or innocence of the crime charged.*"[22] And much of the subsequent criminal conduct evidence risks misleading the jury into convicting the defendant on the basis of crimes committed by others, tempting the jury "to find that Defendant knew the firearms were intended for criminal purpose simply because crimes subsequently occurred."[23] This is exactly the type of improper inference Rule 403 seeks to prevent.

Accordingly, the Government's motion is denied with respect to evidence of

---

[19] Docket 61 at 12–14.

[20] *See* Docket 61 at 2–5.

[21] *See* Docket 61 at 2–5, 14–15.

[22] *United States v. Haischer*, 780 F.3d 1277, 1282 (9th Cir. 2015) (emphasis in original) (quoting *United States v. Yazzie*, 59 F.3d 807, 811 (9th Cir.1995)).

[23] *Givens*, 2024 WL 4039579, at *3.

Case No. 3:23-cr-00017-SLG-KFR, *USA v. Smith*
Order re Motion in Limine to Admit Evidence Relevant to Prove "Criminal Purpose"
Page 6 of 10
Case 3:23-cr-00017-SLG-KFR     Document 80     Filed 10/24/24     Page 6 of 10

subsequent criminal conduct, with two exceptions: the Government will generally not be permitted to introduce testimony describing the criminal conduct resulting in the identification and recovery of the subject firearms or criminal convictions resulting from the possession of the subject firearms, except that the Government may introduce evidence of the April 11, 2021 arrest of Adam Williams for firearms offenses[24] and the March 23, 2023 attempted traffic stop of Adam Williams, Mr. Smith's cousin to whom the Government alleges Mr. Smith repeatedly received money transfers.[25] With respect to these events, the Court finds that their probative value in this case is not substantially outweighed by undue prejudice to the defendant. The Government may also present evidence of the location of each firearm when it was recovered, without eliciting information about crimes associated with the firearm's recovery. Either party may make an application to revisit this ruling at trial, but must do so *outside the presence of the jury.*

## II. Criminal Histories of Persons from Whom the Subject Firearms Were Seized

Next, the Government seeks to introduce past felony convictions of persons, who, because of those convictions, were prohibited from possessing firearms but

---

[24] For the reasons described *supra* Discussion Section I, the Court will not permit the Government to make any reference to drug offenses in connection with the April 11, 2021 arrest of Adam Williams.

[25] *See* Docket 61 at 2–3. This includes money transfers from Mr. Williams' spouse, Raquel Williams.

Case No. 3:23-cr-00017-SLG-KFR, *USA v. Smith*
Order re Motion in Limine to Admit Evidence Relevant to Prove "Criminal Purpose"
Page 7 of 10
Case 3:23-cr-00017-SLG-KFR   Document 80   Filed 10/24/24   Page 7 of 10

from whom the subject firearms were nonetheless seized.[26]

Under the California Penal Code, it is illegal for any person who is not a State of California licensed firearm dealer to sell or transfer a firearm to a private party unless the sale or transfer occurs at the location of a licensed California firearm dealer.[27] California keeps a "Roster of Handguns Certified for Sale in California"; no firearm dealer may sell a firearm to the public unless it is of a make and model that has passed required safety and functionality tests and appears on the roster.[28] In addition, certain felons and misdemeanants are subject to the lifetime prohibition of possessing any firearm under California State law.[29]

As noted above, the Government contends that "[t]he essential aspect of Smith's criminal purpose in this case was to supply residents of California with firearms who were otherwise prohibited from possessing them." Therefore, "[p]roving that each individual [from which the subject firearms were seized] was a felon and therefore prohibited from possessing a firearm is of consequence in determining whether Smith was furnishing felons with firearms."[30]

In response, Mr. Smith asserts that the government has disclosed no

---

[26] Docket 61 at 16–17.

[27] Docket 61 at 8 (citing Cal. Pen. Code § 28050).

[28] Docket 61 at 9 (citing Cal. Pen. Code § 32000 *et. seq.*).

[29] Docket 61 at 9 (citing Cal. Pen. Code §§ 29800-29825).

[30] Docket 61 at 16.

Case No. 3:23-cr-00017-SLG-KFR, *USA v. Smith*
Order re Motion in Limine to Admit Evidence Relevant to Prove "Criminal Purpose"
Page 8 of 10
Case 3:23-cr-00017-SLG-KFR    Document 80    Filed 10/24/24    Page 8 of 10

evidence that Mr. Smith knew about the past felony convictions that the Government now seeks to introduce, and thus the criminal histories are irrelevant to his criminal purpose.[31]

The Court finds that the criminal histories of persons to whom Mr. Smith directly sold the subject firearms are relevant circumstantial evidence of Smith's knowledge that he was providing firearms to persons not lawfully allowed to possess those firearms, and therefore relevant to his criminal purpose.[32] In so finding, the Court distinguishes between individuals who purchased the subject firearms directly from Mr. Smith and those who eventually acquired them from some other source. On the current record, the connection between Mr. Smith and a third party—*i.e.*, any person with a felony conviction from whom a subject firearm was recovered, but for whom there is no evidence of a direct purchase from Mr. Smith—is too attenuated to evince Mr. Smith's criminal purpose to provide them with firearms, absent any other evidence that Mr. Smith knew that the third party was the firearm's intended recipient.

Accordingly, the Court will permit the Government to introduce the historic felony convictions of persons to whom Mr. Smith directly sold the subject firearms. Based on the Government's motion, that would appear to be Andrew Williams and

---

[31] Docket 76 at 3.

[32] *See Hernandez*, 859 F.3d at 824 (permitting proof of willfulness by circumstantial evidence that suggests intent to commit the crime charged, including evidence of other bad acts or crimes).

Case No. 3:23-cr-00017-SLG-KFR, *USA v. Smith*
Order re Motion in Limine to Admit Evidence Relevant to Prove "Criminal Purpose"
Page 9 of 10
Case 3:23-cr-00017-SLG-KFR    Document 80    Filed 10/24/24    Page 9 of 10

Raquel Williams.[33]  Either party may make an application to revisit this ruling at trial, but must do so *outside the presence of the jury*.

## CONCLUSION

In light of the foregoing, IT IS ORDERED that the motion at Docket 61 is GRANTED IN PART and DENIED IN PART as set forth in this order. The Government may present evidence to the jury regarding the location of each firearm's recovery, certain subsequent criminal conduct, and the prior felony convictions of persons who purchased the subject firearms directly from Mr. Smith.

DATED this 24th day of October 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[33] *See* Docket 61 at 2–5.

Case No. 3:23-cr-00017-SLG-KFR, *USA v. Smith*
Order re Motion in Limine to Admit Evidence Relevant to Prove "Criminal Purpose"
Page 10 of 10
Case 3:23-cr-00017-SLG-KFR    Document 80    Filed 10/24/24    Page 10 of 10